Judge Hitchcock
delivered the opinion of the court:
The agreed case shows that the legal title to the premises in controversy, or-more properly speaking, the right of possession, is in the defendant, unless that title was vested i'n Watts by the decree of the circuit court. When this decree was made we know not, as it is not before us in the form in which it was entered. It directed Fullerton to convey certain lands, including the premises in controversy. Whether this decree was complied with is not, however, known ; but it is supposed that it was not. The simple question, then, presented for determination is, whether a decree of the circuit court of the United States for the conveyance of land, operates as a conveyance; whether by the decree alone, without any further act performed, the title is changed.
Previous to the act of February 19, 1810, “ directing the-mode of proceeding in chancery,” all decrees in chancery rendered by the courts of this state were to be enforced by sequestration or execution ; but by section 41 of that act (1 Chase’s Stat. 689), it is provided “that where a decree shall be made fora conveyance, release, or acquittance, in either of said courts, sitting as a court of chancery, and the party against whom said decree shall pass shall not comply therewith by the time appointed, then such decree shall be considered and taken in all courts of law and equity to have the same operation and effect, and be as available as if the conveyance, release, or acquittance had been executed conformably to such decree.” This same principle has been continued in the statutes to the present time. It is contended by the plaintiff’s counsel, that a decree of the circuit court of the ^United States must have this effect when made within the district of Ohio. But is it so? Section 1 of the act of 1810, 1 Chase’s Stat. 685, gives to the court of common pleas jurisdiction “in all cases properly cognizable by a court of chancery.” Section 2 gives the Supreme Court concurrent jurisdiction with the court of common pleas in all cases in chancery where the title to land is called in question, or the matter in controversy exceeds one thousand dollars, and absolute jurisdiction in all cases originating in the court of common pleas. Through the whole law no other courts are referred *277 to. These are, in fact, the only courts of equity acting by authority of the state. Section 41 refers specifically to the decrees of these courts. The words are, “when a decree shall be made for a conveyance, release, or acquittance in either of the said courts’’ etc. We think that the principle can not, by any rule of construction, be extended beyond those courts.
We know of no law of the United States, giving to the decree of the circuit court thi's effect; and certainly there is no law of this state for that purpose. The decrees of that court operate upon the person, and will be enforced,' as we suppose, like the decrees of the high court of chancery in England, by attachment and sequestration. In the opinion of this court, the decree referred to in the agreed facts did not vest in -the lessor of the plaintiff a legal title to the premises; of course a new trial is ordered, the costs to abide the event of the suit.